**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | : | |
| COMMISSION, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | Civil Action File No. |
| THOMAS J. LAWLER and | : | |
| FREEDOM FOUNDATION USA LLC | : | |
| dba FREEDOM CLUB USA, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| DIVINE SPIRIT LLC, | : | |
| ORDER PROCESSING LLC, | : | |
| PROSPERITY SOLUTIONS LLC, and | : | |
| VIOLET BLESSINGS LLC, | : | |
| | : | |
| Relief Defendants. | : | |
| | : | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
APPLICATION FOR TEMPORARY RESTRAINING ORDER, ASSET
FREEZE, AND OTHER EQUITABLE RELIEF**

The Securities and Exchange Commission ("Commission" or "SEC") hereby

moves this Court for an emergency order (1) temporarily restraining defendants

from violating the registration and antifraud provisions of the federal securities laws; (2) freezing the assets of the defendants and relief defendants; (3) expediting discovery in this proceeding; (4) prohibiting the defendants and relief defendants from destroying, altering, or removing documents; (5) ordering an accounting, and (6) ordering the defendants and relief defendants to repatriate investor funds transferred outside the United States.  As grounds for this motion, the Commission shows as follows:

1.      The original sworn Declarations of Matthew McNamara and Karaz Zaki and the exhibits attached thereto provide the basis for the facts set forth in this application and the supporting memorandum.  For the Court's ease of reference the original declarations are attached to the memorandum of law filed in support of this application.[1]

2.      This is an emergency action to stop a nationwide, multimillion dollar offering fraud that has collected at least $2 million in illicit profits so far.

3.      From in or about 2004 through and continuing to the present, Lawler and Freedom Foundation have raised money through the sale of securities that they

---

[1] Excerpts from the sworn testimony of Defendant Lawler are attached as Exhibit A to the Declaration of Matthew McNamara.  The SEC will cite to those excerpts in the form "Lawler page/line."

call "administrative remedies" ("ARs"), telling prospective purchasers that the

investments in ARs reflected in the table below will result in the corresponding

payouts:

| AR Price | AR Payout at "Funding" |
|---|---|
| $1,000 | $325,000 |
| $2,000 | $400,000 |
| $3,000 | $475,000 |
| $4,000 | $550,000 |
| $5,000 | $625,000 |
| $6,000 | $700,000 |
| $7,000 | $775,000 |
| $8,000 | $850,000 |
| $9,000 | $925,000 |
| $10,000 | $1,000,000 |

4.     Through its website, conference calls, and YouTube videos,

defendants convince prospective purchasers that the payouts listed above are

achievable and, in fact, imminent, by spinning a tale reflected in the following

excerpt currently appearing on the Freedom Foundation website:

> Since bank charters do not allow them to loan their own
> money, their depositors' money nor their credit, you may
> wonder who funded your own loans.  In fact, you did.
> Upon all our births an account was established in your
> UPPER CASE name (Strawman) which is the source of
> funds for all 'loans'.  The bank simply acted as a middle
> man to access your account with the implied permission
> by your signature on your promissory note.  Instead of

3

> providing you these funds for a nominal fee, they made it
> appear it was their own money they were lending.  The
> courts have gone along with this deception working with
> the banks.  All the money you were forced to pay the
> bank (under duress if you don't) is considered
> "conversion" by law and you are due compensation.

McNamara Dec. ¶ 8.

5.      Defendants sell the ARs through a series of misrepresentations.  First, defendants misrepresent that the fantastical story about the U.S. banking system is true.  McNamara Dec. ¶ 8.  They tell prospective purchasers that they owe their creditors nothing, and that the purchase of an AR can establish the fact legally.  Lawler 61/13.  Defendants tell prospective purchasers that they can expect to receive the payouts in the table above,  Lawler 27/21, and that the funding of the ARs is imminent.  Lawler 52/15.  Most recently, after receiving the subpoena to testify in the SEC's investigation of this matter, Lawler represented on the Freedom Foundation website that Freedom Foundation was **not** under investigation by any government agency.  Lawler 164/4.

6.      What Lawler omits to disclose to prospective purchasers is as dangerous as his affirmative misrepresentations.  He omits to disclose, though he knows it when he sells each new AR, that he will use the AR purchase money to recruit other AR purchasers and for personal expenses, including chiropractor

visits, rejuvenation powder, and vacations.  Lawler 179/1.  Nor does he disclose that he lacks a reasonable basis for his claim that AR funding is imminent.

7.     Defendants have moved at least some of the proceeds of their securities sales offshore, to an account in New Zealand. Lawler 143/16.

8.     Defendant Lawler has made several transfers of investor funds to other limited liability companies, including Relief Defendants Order Processing LLC, Divine Spirit LLC, Violet Blessings LLC, and Prosperity Solutions LLC. Declaration of Karaz Zaki ¶ 6.  The relief defendants gave no value for those funds and are merely acting as conduits for the ill-gotten gains.

9.     The defendants did not register the securities they sold.  Declaration of Matthew McNamara ¶ 16.  No exemption from registration applies.  McNamara Dec. ¶ 17.

10.    The defendants, by virtue of their conduct, directly or indirectly, have engaged and, unless enjoined, will engage in violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

11.    On an emergency basis, the Commission seeks a temporary restraining order, asset freezes, an accounting, expedited discovery, document protection, repatriation of funds transferred outside the United States, and other equitable relief.  With a TRO in place, the Commission can pursue more permanent relief without continued dissipation of investor money.

12.    The Commission seeks emergency consideration because, (1) the scam is ongoing, and (2) there is a serious threat of further dissipation of investor assets unless emergency relief is granted.

WHEREFORE, the Commission requests that the Court enter an order in the form submitted herewith.

Dated:  July 31, 2014.

Respectfully submitted,


/s/ Pat Huddleston II
Pat Huddleston II

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Email:  loomism@sec.gov
404-842-7622

Pat Huddleston
Senior Trial Counsel
Georgia Bar No. 373984
Email:  huddlestonp@sec.gov
404-842-7616

Counsel for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, Georgia 30326
huddlestonp@sec.gov
404-842-7616