IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS J. LAWLER and FREEDOM FOUNDATION USA LLC dba FREEDOM CLUB USA,<br><br>    Defendants,<br><br>DIVINE SPIRIT LLC,<br>ORDER PROCESSING LLC,<br>PROSPERITY SOLUTIONS LLC,<br>and VIOLET BLESSINGS LLC,<br><br>    Relief Defendants. | CIVIL ACTION FILE<br><br>NO. 1:14-CV-2468-MHC |

## FINAL JUDGMENT

The Court, having granted Plaintiff Securities and Exchange Commission's Motion for Default Judgment, enters Final Judgment as follows:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Thomas J. Lawler ("Lawler") is permanently restrained and enjoined

from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, about:

        (1)    the existence of accounts supposedly established for all American at birth;

        (2)    the supposed payouts associated with the "funding" of administrative remedies;

        (3)    the efficacy of administrative remedies;

        (4)    a global financial settlement that will provide a return to purchasers of administrative remedies; or

        (5)    the use of investor funds; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Freedom Foundation USA LLC dba Freedom Club USA ("Freedom Foundation") is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the

light of the circumstances under which they were made, not misleading, about:

    (1)    the existence of accounts supposedly established for all American at birth;

    (2)    the supposed payouts associated with the "funding" of administrative remedies;

    (3)    the efficacy of administrative remedies;

    (4)    a global financial settlement that will provide a return to purchasers of administrative remedies; or

    (5)    the use of investor funds; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Lawler is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (the "Securities Act"), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, about:
  - (1) the existence of accounts supposedly established for all American at birth;
  - (2) the supposed payouts associated with the "funding" of administrative remedies;
  - (3) the efficacy of administrative remedies;
  - (4) a global financial settlement that will provide a return to purchasers of administrative remedies; or

   (5) the use of investor funds; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Freedom Foundation is permanently restrained and enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading about:

   (1) the existence of accounts supposedly established for all American at birth;

   (2) the supposed payouts associated with the "funding" of administrative remedies;

   (3) the efficacy of administrative remedies;

  (4) a global financial settlement that will provide a return to purchasers of administrative remedies; or

  (5) the use of investor funds; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Lawler is permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Freedom Foundation is permanently restrained and enjoined from violating Section 5 of the Securities Act, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed

with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lawler is liable for disgorgement of $13,999,924.00, representing unjust enrichment as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,311,901.00 and a civil penalty in the amount of $120,000.00 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). Defendant shall satisfy this obligation by paying $15,431,825.00 to the Securities

and Exchange Commission within thirty (30) days after entry of this Final Judgment.

Lawler may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may be made directly from a bank account via Pay.gov through the Commission website at http://www.sec.gov/about/offices/ofm.htm. Lawler may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Lawler as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Lawler shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Lawler relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Lawler. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

11

Lawler shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Freedom Foundation is liable, jointly and severally with Defendant Lawler, for disgorgement of $13,999,924.00, representing unjust enrichment as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,311,901.00 and a civil penalty in the amount of $600,000.00 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). Freedom Foundation shall satisfy this obligation by paying $15,911,825.00 to the Securities and Exchange Commission within thirty (30) days after entry of this Final Judgment.

Freedom Foundation may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Freedom Foundation may also pay by certified check, bank cashier's check, or United States

postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Freedom Foundation as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Freedom Foundation shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Freedom Foundation relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Freedom Foundation shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Relief Defendant Violet Blessings LLC ("Violet Blessings") is liable for disgorgement of $55,000.00, representing unjust enrichment as a result of the

conduct alleged in the Complaint.  Violet Blessings shall satisfy this obligation by paying $55,000.00 to the Securities and Exchange Commission within thirty (30) days after entry of this Final Judgment.

Violet Blessings may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Violet Blessings may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Violet Blessings LLC as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Violet Blessings shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Violet Blessings relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be

14

returned to Violet Blessings. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Violet Blessings shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Relief Defendants Divine Spirit LLC, Order Processing LLC, and Prosperity Solutions LLC (collectively "Relief Defendants"), are liable, jointly and severally, with Defendants Lawler and Freedom Foundation, for disgorgement of $13,999,924.00, representing unjust enrichment as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,311,901.00. Relief Defendants shall satisfy this obligation by paying $15,311,825.00, less any amounts paid by Defendants Lawler and/or Freedom Foundation, to the Securities and Exchange Commission within thirty (30) days after entry of this Final Judgment.

Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendants may

also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Relief Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendants.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Relief Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XI.

The Clerk is **DIRECTED** to close this case. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**IT IS SO ORDERED** this 29th day of June, 2017.

_____
MARK H. COHEN
United States District Judge